IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES IRA ALLEN, | : |
| Plaintiff, | : |
| v. | : Civ. No. 16-251-LPS |
| GEORGETOWN POLICE DEPARTMENT, et al., | : |
| Defendants. | : |

James Ira Allen, Sussex Correctional Institution, Georgetown, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 10, 2017
Wilmington, Delaware

[signature]

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff James Ira Allen ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1] (D.I. 2) Plaintiff was a pretrial detainee at the time he commenced this action. He is currently incarcerated at the Sussex Correctional Institution in Georgetown, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## II. BACKGROUND

Plaintiff was arrested on February 1, 2015, for being intimate with a fourteen year-old girl. He alleges: (1) Defendants Georgetown Police Department ("Georgetown PD") Detective Bradley Cordrey ("Cordrey"), Sergeant Tyndall ("Tyndall"), and Corporal 3 Delaware State Police Troop 4 Mark Justice ("Justice") authored official police reports that contained errors regarding the race of the victim, in violation of the Fourteenth Amendment to the United States Constitution, and supervisors Leslie A. Dick and Defendant Georgetown PD Lt. Lawrence Grose ("Grose") approved the reports; (2) a search warrant for the vehicle Plaintiff used was not filled out correctly and was overly broad, making the search and seizure unlawful and in violation of the Fourth Amendment; (3) Grose slandered and defamed Plaintiff when a newspaper published an account in which Grose said Plaintiff "may also face federal charges;"[2] (4) Defendants Georgetown PD Cpl. Wilson

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Plaintiff was indicted in this Court on October 15, 2015 for violations of 18 U.S.C. §§ 1467, 1470, 2253, 2422(b), 2428, 2251(a) and (e), 2252A(a)(2), (a)(5)(B), (b)(1), and (b)(2), 2256(2)(A) and (8)(A). *See United States v. Allen*, Crim. No. 15-052-RGA at D.I. 2 (D. Del.). The

1

("Wilson") and Tyndall took actions during their investigation that caused contamination of evidence; (5) Defendants forensic analysts Sarah Lindauer ("Lindauer") and Kevin MacMillan ("MacMillan") examined the forensic evidence but did not send it to the FBI lab in Washington, DC for proper testing; and (6) Defendants Georgetown PD, Delaware State Police Troop 4 ("State Police"), and Division of Forensic Science ("DFS") did not follow proper procedures, conducted an illegal search, did not properly handle evidence, lied on reports, and failed to properly test all the evidence collected. Also named as defendants are the Department of Safety and Homeland Security ("DSHS"), the State of Delaware (the "State"), and Wilmington, Delaware.

Plaintiff seeks as relief the dismissal of all criminal charges, his return to Maine where he resides, and $40 million in compensatory damages.

## III.  LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally

---

federal case remains pending. An initial appearance is set for March 16, 2017. The claims in the instant Complaint do not address the federal criminal case, other than their reference to Grose's statement that Plaintiff may face federal charges.

construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation

3

marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, \_\_U.S.\_\_, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Eleventh Amendment

Plaintiff names as defendants the DSHS, the State, the DFS, and State Police. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State has not waived its immunity from suit in

federal court, and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 11, 2007) (citations omitted). The foregoing Defendants are immune from suit under the Eleventh Amendment and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

### B.  Municipal Liability

Also named as defendants are the City of Wilmington and the Georgetown PD. A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). While a government policy is established by a "decisionmaker possessing final authority," a custom arises from a "course of conduct . . . so permanent and well settled as to virtually constitute law." *Id.* (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *See Board of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

Plaintiff has not pled that the municipal Defendants were the "moving force" behind any alleged constitutional violations. Absent an allegation that a custom or policy established by the municipal Defendants directly caused harm to Plaintiff, his § 1983 claim cannot stand. The claims against the City of Wilmington and the Georgetown PD are frivolous and will dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## C. Claims under the Fourth and Fourteenth Amendments

The remaining claims allege violations of the Fourteenth Amendment, when official police reports contained errors regarding the race of the victim; violations of the Fourth Amendment for unlawful search and seizure; and alleged wrongful actions taken during the investigation and collection of evidence. The Court takes judicial notice that Plaintiff pled guilty to three counts of third-degree rape and one count of sexual exploitation of a child and was sentenced to 18 years imprisonment. *See* https://vinelink.com/#/searchResults/1 (Mar. 10, 2017); http://www.delawareonline.com/story/news/crime/2017/01/15/man-gets-prison-raping-14-year-old-delaware-girl/96614034/ (Mar. 10, 2017).

Plaintiff has failed to state plausible claims, given that the allegations amount to attacks on criminal charges to which he pled guilty. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings. *See Gilles v. Davis*, 427 F.3d 197, 208-09 (3d Cir. 2005); *see also Heck*, 512 U.S. at 486-87. A valid guilty plea is "sufficient to bar a subsequent § 1983 claim." *Gilles v. Davis*, 427 F.3d 197, 209 n.8 (3d Cir. 2005). Plaintiff's claims, particularly his Fourth Amendment claim – on which success would require a finding of no probable cause – would necessarily impugn the validity of his plea. *See Walker v. Clearfield Cnty. Dist. Attorney*, 413 F. App'x 481, 483 (3d Cir. Jan. 24. 2011) ("[A] guilty plea – even one for a lesser offense – does not permit a later assertion of no probable cause.").

Plaintiff has not alleged nor proven that his conviction or sentence was reversed or invalidated, as required by *Heck*. Moreover, his claims present the type of claims addressed in *Heck*: that is, a finding that Plaintiff's conviction was procured by unconstitutional means would

6

necessarily imply the invalidity of his conviction. Accordingly, the Court will dismiss the foregoing claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Defamation/Slander

Plaintiff alleges that he was defamed by Grose when Grose stated to the press that Plaintiff "may also face federal charges." A statement is defamatory "if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Spence v. Funk*, 396 A.2d 967 (Del. 1978) (quoting Restatement (First) of Torts § 559 (1938)). To succeed in a claim for defamation,[3] a plaintiff must show: "(1) the defamatory character of the communication; (2) publication; (3) that the communication refers to the plaintiff; (4) the third party's understanding of the communication's defamatory character; and (5) injury." *Holmes v. The News Journal Co.*, 2015 WL 1893150, at *2 (Del. Super. Apr. 20, 2015). Truth is an absolute defense. *See id.* Where the alleged defamatory statement is shown not to be false, it is unnecessary to delve into any of the additional factors. *See DeBonaventura v. Nationwide Mut. Ins. Co.*, 428 A.2d 1151, 1155 (Del. 1981).

The Court takes judicial notice that federal criminal charges were brought against Plaintiff in this Court in October 2015. Grose's speculative comment that Plaintiff that might face federal charges was not a false statement. The claim will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

---

[3] "[D]efamation consists of the 'twin torts' of libel and slander . . . . In shortest terms, libel is written defamation and slander is oral defamation . . . ." *Spence v. Funk*, 396 A.2d at 969.

## V. CONCLUSION

For the above reasons, the Court will dismiss the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and §§ 1915A(b)(1) and (2) as the claims are either frivolous or Defendants are immune from suit. The Court finds amendment futile.

An appropriate Order follows.